```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

**ANNIE ROBINSON, Individually and on**
**Behalf of the Wrongful Death Beneficiaries**
**of ANTONIO DAVIS, Deceased**                                    **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:08-cv-153-WHB-LRA**

**AMERICAN MEDICAL RESPONSE, INC.,**
**and John Does 1-5**                                              **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on Plaintiff's Motion to Remand. The Court, having considered the Motion, Response, Rebuttal,[1] attachments to the pleadings as well as supporting and opposing authorities, finds that the Motion is not well taken and should be denied.

### I. Factual Background and Procedural History

The subject of the above referenced lawsuit is the alleged wrongful death of Antonio Davis ("Davis"), which occurred on December 12, 2005. On February 27, 2008, Plaintiff, Annie Robinson

---

[1] Defendant has filed a Motion to Strike the Rebuttal on the grounds that it was filed outside the five-day period prescribed by Rule 7.2(D) of the Uniform Local Rules for the Northern and Southern Districts of Mississippi, and it is based solely on the unsupported assertions of counsel. Finding, under the circumstances of this case, that no prejudice will result in the event the Rebuttal is considered, the Court will deny the Motion to Strike. Plaintiff, however, is cautioned that she is expected to abide by the Local Rules in all further proceedings in this Court, and is expressly warned that future rule violations may result in sanctions.

("Robinson"), individually and on behalf of Davis's wrongful death beneficiaries, filed a lawsuit against Defendant, American Medical Response, Inc. ("AMR") in the First Judicial District of the Circuit Court of Hinds County, Mississippi.  Through the lawsuit, Robinson seeks an unspecified amount of compensatory and punitive damages on claims of negligence and gross negligence.

On March 11, 2008, AMR removed the case to this Court on the basis of diversity of citizenship jurisdiction.  Federal courts have exclusive jurisdiction over civil cases involving citizens of different states when the matter in controversy exceeds the sum of $75,000. In the subject lawsuit, the Amended Complaint does not specify the amount in damages sought by Robinson.  In the Notice of Removal, however, AMR alleges and Robinson does not dispute that the amount in controversy exceeds the jurisdictional requisite. Additionally, as Robinson seeks compensatory and punitive damages arising from Davis's alleged wrongful death, the Court finds it is apparent from the face of the Amended Complaint that she is seeking damages in an amount greater than $75,000.[2]

For the purpose of diversity analysis, Robinson is a citizen of the State of Mississippi, and AMR is a Delaware corporation with

---

[2]  See Lindy v. Cliburn Truck Lines, Inc., 397 F. Supp. 2d 823, 828 (S.D. Miss. 2005) (finding the amount in controversy was satisfied based on the nature of the plaintiff's claims, and her silence in response to the defendant's allegation that she was seeking greater than $75,000 in damages). See also Barahona Rodriguez v. Kivitt's, Inc., Civil Action No. 3:05-cv-738, 2006 WL 2645190, at *1 (S.D. Miss. Sept. 12, 2006) (same).

its principal place of business in the State of Colorado. Accordingly, it appears that both the diversity and amount in controversy requirements of 28 U.S.C. § 1332 are satisfied. Robinson, however, argues that removal was improper because AMR fraudulently concealed the names of its allegedly negligent employees, both of whom are purportedly diversity-destroying Mississippi citizens, thereby precluding her from naming them as defendants in this case. Robinson therefore requests that the Court order remand-related discovery, require AMR to the disclose the names of the employees who treated Davis, allow her to amend her complaint to include these employees as named defendants, and then remand the case to state court if the employees are Mississippi citizens as she contends.

## II.  Legal Analysis

In response to Robinson's Motion to Remand, AMR first argues that it is untimely because it was not filed within thirty days following removal.  See Resp. to Mot. to Remand, 2 (citing 28 U.S.C. § 1447(c)). Through her Motion, however, Robinson seemingly seeks remand on the grounds that federal subject matter jurisdiction is lacking in this case – i.e. complete diversity does not exist because she and the unknown AMR employees she seeks to name as defendants are all Mississippi citizens.  It is well settled that a "lack of subject matter jurisdiction may be raised

at any time." In re McCloy, 296 F.3d 370, 373 (5th Cir. 2002). Accordingly, the Court finds that Robinson's Motion to Remand, because it challenges the existence of federal subject matter jurisdiction, was not untimely.

The Court additionally finds that at the time the Amended Complaint was filed and at the time it was removed, federal subject matter jurisdiction could properly be exercised under 28 U.S.C. § 1332 as both the diversity and amount in controversy requirements are satisfied. Although Robinson has named John Doe defendants, who presumably include the Mississippi AMR employees that treated Davis, it is well settled that the citizenship of John Doe defendants is disregarded for the purpose of diversity analysis. See 28 U.S.C. § 1441(a); Murphy v. AmSouth Bank, 269 F. Supp. 2d 749, 750 (S.D. Miss. 2003); Lizana v. Guidant Corp., No. Civ. A. 1:03CV254, 2004 WL 3316405, at *2 (S.D. Miss Jan 21. 2004) (denying request for remand-related discovery to determine the identity of John Doe defendants on the basis that the citizenship of such defendants is disregarded when considering the appropriateness of removal). Accordingly, the Court finds that it may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 and, therefore, that Robinson's Motion for Remand should be denied.[3]

---

[3] The Court may revisit the issue of subject matter jurisdiction either on motion or *sua sponte* in the event the currently unknown AMR employees are Mississippi citizens and they

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to Strike Rebuttal [Docket No. 10] is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand [Docket No. 5] is hereby denied.

IT IS FURTHER ORDERED that the stay entered in this case by United States Magistrate Judge Linda R. Anderson is hereby vacated. Counsel for Plaintiff shall, within seven days of the date on which this Opinion and Order is entered, contact the Chambers of Judge Anderson and request scheduling of a Case Management Conference.

SO ORDERED this the 28th day of October, 2008.

                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

---

are named as defendants through an amended pleading.  See Doleac v. Michalson, 264 F.3d 470, 477 (5th Cir. 2001)("[M]ost post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction but an addition of a nondiverse defendant will....")(quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1181 (5th Cir. 1987)).  The Court may likewise revisit Robinson's claim of fraudulent concealment in the event she seeks leave to amend her complaint to name the AMR employees as defendants in this case.  See Hensgens, 833 F.2d at 1182 (explaining that the Court should consider "other factors bearing on the equities" when deciding whether a diversity-defeating amendment to the pleadings should be permitted).

5